UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CORDOVA,

        Plaintiff,　　　　　　　　　Civil Case No. 14-14470
　　　　　　　　　　　　　　　　　　Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff filed this action on November 21, 2014, challenging Defendant's final decision denying Plaintiff's application for benefits under the Social Security Act. On February 8, 2016, the Court received a communication from Plaintiff, signed and dated February 4, 2016, stating "I don't wish to pursue the case." (ECF No. 20.) The Court construes Plaintiff's communication as a request to voluntarily dismiss his lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) requires a plaintiff to seek an order of the court or stipulation of the opposing party to voluntarily dismiss an action where, as is the case here, the opposing party has filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). The court may grant the request for voluntary dismissal "on terms that the court considers proper." *Id*. The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Grover by*

*Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).  In the context of Rule 41(a)(2), an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted).  When deciding whether the defendant will suffer "plain legal prejudice," the Sixth Circuit has instructed courts to consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."  *Grover*, 33 F.3d at 718 (citation omitted).

    Under the circumstances of this case, the Court concludes that it should grant Plaintiff's request to dismiss this action.  Defendant has not filed a summary judgment motion and this is not the type of action requiring trial preparation.  There has been no delay or lack of diligence on the part of Plaintiff in prosecuting the action.  Plaintiff's desire to no longer challenge Defendant's administrative decision is not an insufficient explanation for seeking a dismissal.

    Accordingly,

**IT IS ORDERED**, that Plaintiff's request to voluntarily dismiss this lawsuit is **GRANTED** and his Complaint is **DISMISSED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 10, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 10, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
